**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JESUS ELIZONDO-MARTINEZ,** § | | |
| **#38418-177,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | **CIVIL NO. 3:16-CV-1600-N-BK** | |
| § | **(3:07-CR-369-N-1)** | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed as time barred.

**I. BACKGROUND**

In 2009, Petitioner pled guilty to Illegal Reentry after Removal in violation of 8 U.S.C. §1326(a) and (b)(2) and was sentenced to 79 months in prison. Crim. Doc. 21 at 2. He did not appeal.[1]

On June 14, 2016, Petitioner filed this *pro se* section 2255 motion, challenging his sentence as unconstitutional under the Supreme Court's holding in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the

---

[1] The charges were filed in separate criminal cases, which were handled together. Since the presentence report, judgment, and statement of reasons are identical, the Court cites to the ones filed in 3:13-CR-0306-B-1.

Constitution's guarantee of due process.  Doc. 1 at 7-8, 9.   Specifically, Petitioner challenges the enhancement of his sentence under the Immigration and Naturalization Act and the United States Sentencing Guidelines.  *Id.*

Regarding the timeliness of his section 2255 motion, Petitioner apparently relies on 28 U.S.C. § 2255(f)(3) and *Johnson*, which was recently found retroactively applicable to cases on collateral review in *United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016).  Doc. 1 at 9.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond.  *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[2]

### A.  Limitations

Petitioner appears to rely on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly untimely.  Doc. 3 at 1.  Over seven years have elapsed since his conviction first became final in April 2009.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final under section 2255(f)(1) when the applicable period for seeking direct review of a conviction has

---

[2] Here, Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to the findings, conclusions and recommendation.  *See Magouirk v. Phillips,* 144 F.3d 348, 359 (5th Cir. 1998) (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

expired).[3]

However, Petitioner's reliance on section 2255(f)(3) and *Johnson* is misplaced. *Johnson* has no bearing on Petitioner's sentence, since it was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, --- U.S. ---, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather the Presentence Report (PSR), which was adopted without change at sentencing, increased the base offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Petitioner was previously deported after conviction for a crime of violence. *See* Crim. Doc. 24 at 6, PSR ¶ 16; Crim. Doc. 24-1 at 1, Statement of Reasons (SOR). In Texas, however, both aggravated assault and robbery qualify as enumerated offenses under § 2L1.2(b). *See* U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)); *United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (5th Cir. 2007) (prior Texas conviction for aggravated assault under Texas Penal Code § 22.01 qualifies as a crime of violence, for purposes of sentencing defendant convicted of illegal reentry after deportation under § 2L1.2(b)(1)(A)(ii)); *United States v. Santiesteban–Hernandez,* 469 F.3d 376, 378-382 (5th Cir. 2006) (definition of robbery under Texas Penal Code § 29.02 substantially corresponds to the generic, contemporary meaning of robbery and thus qualifies as an enumerated offense under § 2L1.2).

Moreover, insofar as Petitioner challenges the definition of a "'crime of violence' under 8 U.S.C. § 1101(a)(43)(F)," as set forth in 18 U.S.C. § 16, his argument lacks merit.[4] Doc. 1 at 8.

---

[3] Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[4] As previously noted, Petitioner was convicted under 8 U.S.C. § 1326(b). That statute provides for imprisonment of "not more than 20 years" for those aliens "whose removal was subsequent

For purposes of the 16-level enhancement under § 2L1.2(b)(1)(A)(ii), the term "crime of violence" is not defined by reference to section 1101(a)(43) or section 16. *See* § 2L1.2, comment. (n. 1(B)(iii)).

Additionally, that the Court of Appeals for the Fifth Circuit will be considering in the context of a direct appeal the constitutionality of section 16's statutory definition of "crime of violence" in light of *Johnson*, *see United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016), is of no moment, because the limitation provision of section 2255(f)(3) applies only if the right is one "newly recognized by the Supreme Court." *See In re Arnick*, --- F.3d ---, 2016 WL 3383487 at *1 (5th Cir. Jun. 17, 2016) (per curiam) (noting that the Supreme Court has not decided whether *Johnson* applies to the Sentencing Guidelines); *In re Fields*, --- F.3d ---, 2016 WL 3383460 at *1 (5th Cir. 2016) (*per curiam*) (noting that the Supreme Court has not decided whether *Johnson* applies to statutory provisions such as 18 U.S.C. § 924(c)(3)(B)). Thus, section 2255(f)(3) has no application in this case.[5]

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations

---

to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). The definition of "aggravated felony" is provided by 8 U.S.C. § 1101(a)(43)(F), which refers to "a crime of violence (as defined in section 16 of title 18)." The latter section defines "crime of violence" to mean
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

[5] In addition, the Court finds that 28 U.S.C. §§ 2255(f)(2) and (4) are inapplicable here. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

absent equitable tolling.

### B.  Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** July 5, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE